UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ERIC MARTIN,

    Plaintiff,

v.                                                          Case No. 2:09-cv-760-FtM-99DNF

DEPARTMENT OF CORRECTIONS and
OFFICER ARI KAZIC,

    Defendants.
_____/

## ORDER OF DISMISSAL

### I.

**THIS MATTER** comes before the Court upon initial review of the file. Plaintiff, who is proceeding *pro se* and currently incarcerated at Charlotte Correctional Institution, initiated this action by filing a Civil Rights Complaint Form (Doc. #1, Complaint) pursuant to 42 U.S.C. § 1983 and attached (Doc. #1-2) two grievance forms. Plaintiff also filed a motion (Doc. #2) for leave to proceed *in forma pauperis*.[1]

### II.

The Prison Litigation Reform Act (hereinafter "PLRA") requires the Court to determine whether this action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(I)-(iii). In essence, § 1915(e)(2) is a screening process, to be applied *sua sponte* and at any time during the proceedings. See 28 U.S.C. § 1915(e)(2).

---

[1] The Court notes that the *in forma pauperis* motion is incomplete. As such, the Court directed Plaintiff to file a complete motion on or before December 20, 2009. Doc. #4.

The application of an affirmative defense such as absolute immunity, *res judicata*, collateral estoppel, the expiration of the statute of limitations, or failure to exhaust administrative remedies are examples that warrant a *sua sponte* dismissal by the court for failure to state a claim if these affirmative defenses appear on the face of the complaint. Jones v. Bock, 127 S. Ct. 910, 920-923 (2007); Clark v. Georgia Pardons & Parole Bd., 915 F.2d 636 (11th Cir. 1990). Here, upon review of the Complaint it is apparent that the Complaint fails to state a claim as a result of the exhaustion of administrative remedies requirement.

Significantly, 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983] of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility as are until such administrative remedies as are available are exhausted."

The PLRA's exhaustion requirement has three main purposes: (1) to "eliminate unwarranted federal-court interference with the administration of prisons," Woodford v. NGO, 126 S. Ct. 2378, 2382 (2006)(citing Booth v. Churner, 532 U.S. 731, 739 (2001)); (2) "'to afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case'," Id.; and (3) to "'reduce the quantity and improve the quality of prisoner suits.'" Id.

"[T]he PLRA exhaustion requirement requires full and proper exhaustion." Woodford, 126 S. Ct. at 2387 (emphasis added). In Johnson v. Meadows, 418 F.3d 1152 (11th Cir. 2005), the Eleventh Circuit, noting the "policies favoring exhaustion," held that the PLRA contains a procedural default component where an inmate fails to avail himself in a timely fashion of the institution's administrative process. Id. at 1156. Thus, where an inmate's grievance is denied

because he fails to timely fully pursue his administrative remedies, that inmate is barred from bringing a federal action on his claim since he cannot demonstrate full exhaustion of his remedies.

Additionally, the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they involve excessive force or some other wrong doing. Woodford, 126 S. Ct. at 2382; Porter v. Nussle, 534 U.S. 516 (2002); Booth, 532 U.S. at 741 (finding that Congress has mandated exhaustion of administrative remedies, regardless of whether the relief sought--i.e. monetary damages--is available through the administrative procedures). In determining whether a plaintiff has exhausted his administrative remedies, a court does "not review the effectiveness of those remedies, but rather whether remedies were available and exhausted." Miller v. Tanner, 196 F.3d 1190, 1193 (11th Cir. 1999) (citing Alexander, 159 F.3d 1326); Brown v. Sikes, 212 F.3d 1205, 1208 (11th Cir. 2000).

Inmates, however, "are not required to specially plead or demonstrate exhaustion in their complaints." Jones, 127 S. Ct. at 921. Rather, pursuant to the PLRA, failure to exhaust administrative remedies is an affirmative defense. Id. When an affirmative defense is obvious from the face of a complaint or a court's records, it is not necessary to await the defendant's responsive pleading to raise the defense. Clark, 915 F.2d at 641 n.2. Rather, a court may properly *sua sponte* dismiss the complaint under these limited circumstances. See Anderson v. Donald, Case No. 06-16322, 2008 WL 73672 *2 (11th Cir. Jan. 8, 2008)(affirming *sua sponte* dismissal of an action for failure to exhaust administrative remedies).

III.

Pursuant to the Florida Administrative Code Chapter 33-103, Plaintiff is required to exhaust all available administrative remedies before pursuing a civil rights action. Specifically, the Florida Department of Corrections provides a three-step grievance procedure. First, an inmate must normally file either an informal grievance or formal grievance depending on the nature of his complaint. Fla. Admin. Code 33-103.005-.007. Except in certain circumstances, when an inmate files a formal grievance, he or she must attach the informal grievance and the response received to the informal grievance. Id. at 33-103.006(2)(h). If the inmate's issue is not resolved by utilizing the formal grievance at the institutional level, the inmate must file an appeal to the Office of the Secretary of the Florida Department of Corrections. Id. at 33-103.007. Additionally, an inmate may bypass the filing of an informal and formal grievances and file emergency grievances, grievances of reprisal, and grievances of a sensitive nature directly with the Office of the Secretary. Id. at 33-103.007(6). Here, based upon the Complaint and attachments thereto, it is apparent that Plaintiff prematurely filed his Complaint, prior to exhausting his administrative remedies. See Doc. #1-2. In particular, Plaintiff's "inmate request" forms were recently approved on October 5, 2009. Id. The responses written on Plaintiff's forms indicate that Plaintiff's allegations were reported to the Inspector General's Office, consistent with the Florida Department of Corrections policy, for further investigation. Plaintiff does not attach any reports from the Inspector General's Office showing that the investigation has been concluded. Based on the short duration of time between the response to Plaintiff's request forms and the date Plaintiff initiated the action *sub judice*, the Court finds

Plaintiff initiated this action prematurely, prior to completing full and proper exhaustion. Consequently, the Court will dismiss this action without prejudice for failure to state a claim.

**ACCORDINGLY**, it is hereby **ORDERED AND ADJUDGED**:

1) This case is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

2) The clerk shall: (1) terminate any pending motions/deadlines; (2) enter judgment accordingly; and (3) **CLOSE** this case.

**DONE AND ORDERED** in Tampa, Florida, on November 25, 2009.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
All Parties of Record

SA: alj